# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

LARRY DONNELL WELLINGTON,
　　　　　　　*Defendant-Appellant.*

No. 02-4995

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-02-84)

Submitted: October 22, 2003

Decided: December 16, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Francis A. Pommett, III, NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Wellington appeals his conviction after a jury trial for making false statements, communicating false information regarding taint of a consumer product, and obstructing an FDA investigation in violation of 18 U.S.C. §§ 1001(a)(2), 1365(c)(1), & 1505. Wellington challenges the district court's ruling disallowing four of his ten peremptory strikes.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), and *Georgia v. McCollum*, 505 U.S. 42 (1992), the Supreme Court held that it was constitutionally impermissible for either the prosecution or the defense to use race-based peremptory strikes. When a *Batson* challenge is made, the trial court must conduct a three-part inquiry. First, the court requires the opponent of the strike to make out a prima facie case of racial discrimination. *Batson*, 476 U.S. at 93-94. Second, if the requisite showing is made, the burden shifts to the proponent of the strike to come forward with a race-neutral explanation for striking the juror in question. *Id*. at 97. The second step of the inquiry does not require that the explanation be persuasive or even plausible. *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995) (per curiam). The proffered reason need not be worthy of belief or related to the issues to be tried or to the prospective juror's ability to provide acceptable jury service. *Jones v. Plaster*, 57 F.3d 417, 420 (4th Cir. 1995). All that is required is that the reason be race neutral. *Purkett*, 514 U.S. at 768.

Once steps one and two are met, the trial court must decide whether the explanation is pretextual and whether the opponent of the strike has met its burden of proving purposeful discrimination. The critical question in determining purposeful discrimination is at step three and rests on the persuasiveness of the justification for the peremptory strike. *Miller-El v. Cockrell*, 537 U.S. 322, ___, 123 S. Ct. 1029, 1040 (2003). The district court must focus on the genuineness of the explanation, not the reasonableness. *Purkett*, 514 U.S. at 769. At this stage, "implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination." *Miller-El*, 537 U.S. at ___, 123 S. Ct. at 1040. However, the ultimate

burden always rests with the opponent of the strike to demonstrate purposeful discrimination. *Batson*, 476 U.S. at 96-98.

The trial court's decision on the ultimate question of discriminatory intent is a factual finding accorded great deference and that finding will only be reversed on appeal for clear error. *Hernandez v. New York*, 500 U.S. 352, 364-65 (1991); *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998). Deference is necessary because the decisive question in the typical peremptory challenge inquiry is whether counsel's race neutral explanation for a peremptory challenge should be believed. *Miller-El*, 537 U.S. at ___, 123 S. Ct. at 1041. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. *Id.* As with the state of mind of a juror, evaluation of the attorney's state of mind based on demeanor and credibility lies "peculiarly within a trial judge's province." *Id.*

Wellington asserts that the district court erred when it rejected his peremptory strikes because it focused on the reasonableness of Wellington's explanations instead of their genuineness. We conclude the district court did not err in granting the Government's *Batson* challenge and reseating four jurors. The district court made the proper three part inquiry and did not clearly err when it concluded that Wellington's proffered reasons were pretextual. Accordingly, we affirm Wellington's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*